John S. Selby and John Errickson, use of John W. Williams, *vs.* Philip Clayton.—*December* 1848.

A party, who is a legal plaintiff on the record, and as such responsible for the costs of the suit, is an incompetent witness in the cause, upon the ground of interest.

Selby and others, *vs.* Clayton.—1848.

The act of 1801, ch. 74, sec. 10, does not absolve legal plaintiffs on the record from responsibility for costs of the suit. The security provided by that act is cumulative.

When judgment is for the defendant, the costs are always adjudged against the legal plaintiff on the record, and the successful party may either proceed against him for costs, or against the *cestui que use*, as provided by the act of 1801, ch. 74.

APPEAL from *Anne Arundel* county court.

This was an action of *assumpsit*, instituted by *Selby* and *Errickson*, for the use of *Williams*, against *Clayton*, the appellee, to recover the value of certain goods sold by *Selby* and *Errickson* to the defendant.

The pleas were: 1st. *Non assumpsit.* 2nd. Limitations. 3rd. Set-off.

The plaintiffs joined issue upon the two first pleas, and pleaded limitations to the third, upon which the defendant joined issue.

1ST EXCEPTION. The plaintiff offered *John S. Selby* as a witness, he having, subsequent to the accruing of the account on which this action was brought, and to the assignment thereof to said *Williams*, obtained a final discharge as an insolvent debtor from this court, bearing date the 27th of October 1845, and *F. H. Stockett* having been appointed his trustee, and bonded as such to the satisfaction of this court, and received an assignment and delivery into his possession of all the goods and chattels, rights and credits, and property of every description, of which the said *Selby* was possessed at the time of his application for the benefit of the acts of Assembly. in such case made and provided. The defendant objected to said *Selby* as an incompetent witness, on the ground of his being a party to the record, he having proved that said witness and *Selby*, one of the legal plaintiffs, were one and the same person. The court sustained the objection. Whereupon the plaintiff tendered the following release:

"For value of him received this day, I hereby release, transfer and assign unto *F. H. Stockett*, all my right, title and interest in and to the goods, chattels, rights and credits, and all property of every description, and in and to any residue or re-

mainder in my estate, real, personal and mixed, or the proceeds thereof, which may be in the hands of the said *Stockett* after payment of all my debts and liabilities, in the due course of the settlement thereof, according to law, as witness my hand and seal, this 22nd day of April 1847.

JOHN S. SELBY,   (Seal.)"

And then prayed that the said *Selby* be admitted as a competent witness, but the court, (DORSEY, C. J., and BREWER, A. J.,) being divided, the prayer was lost.   The plaintiff excepted and appealed to this court.

The cause was argued before SPENCE, MARTIN and FRICK, J.

By FRANK H. STOCKETT for the appellant, and
By RANDALL for the appellee.

MARTIN, J., delivered the opinion of this court.

In this case, an action of *assumpsit* was instituted in *Anne Arundel* county court, by *John S. Selby* and *John M. Errickson*, for the use of *John W. Williams*, to recover the value of certain goods sold and delivered by *Selby* and *Errickson* to the appellee.

The defendant pleaded *non assumpsit*, limitations, and setoff.   Issues were joined by the plaintiffs upon the first two pleas, and the statute of limitations pleaded to the defendant's set-off, in which the defendant joined issue.

At the trial of the cause, *John S. Selby*, one of the legal plaintiffs, was offered as a witness to maintain the issues on the part of the plaintiffs, who, it was alleged, subsequent to the accruing of the account upon which the suit was brought, and of the assignment to *John W. Williams*, had obtained a final discharge as an insolvent debtor.

The defendant objected to the competency of this witness, on the ground of his being a party to the record.   This objection the court sustained.

A release was then tendered from *Selby* to his trustee, of all his interest in his estate, as an insolvent debtor, and, in this condition of the case, the counsel for the plaintiffs again intro-

duced *Selby*, and prayed the court to receive him as a competent witness.

Upon this prayer the court was divided in opinion, and the witness rejected. And whether the court was right in thus ruling the proposed witness to be incompetent, is the only question raised for our examination by this bill of exceptions.

This question is free from all difficulty. In the case of *Lizardi against Cohen*, 3 *Gill Rep.*, 431, the Court of Appeals held :

"That, as a general rule, a party to the record is not a competent witness, for he is generally either interested in the object of the suit, or responsible for costs."

They said :—

"The form in which this rule of exclusion has been stated by the courts, presupposes that it is subject to exceptions, and when it appears that the party proposed to be examined, is not responsible for the costs of the suit and has no interest in the subject of dispute, and is willing to be sworn, he is not within the operation of the general rule."

What then was the predicament of the person proposed to be introduced as a witness in this cause?

He was one of the legal plaintiffs upon the record, and, as such, unquestionably responsible for the costs of the suit.

The court, therefore, was correct in holding, that *Selby* was an incompetent witness. Not upon the mere objection that he was a party to the record, but that being one of the legal plaintiffs on the record, he was, under the circumstances of the case before them, liable for the costs, on the event of a recovery by the defendant, and disqualified from testifying, upon the ground of interest.

The counsel for the appellant is in error, in supposing that the legal plaintiffs on the record were absolved from all responsibility for the costs of the suit, by the provisions of the 10th section of the act of Assembly of 1801, ch. 74.

The security provided by that act, is cumulative in its character.

When the judgment is rendered for the defendant, the costs are always adjudged against the legal plaintiff or plaintiffs upon

the record, and the successful party has the right either to proceed against the legal plaintiff for his costs, or against the *cestui que use*, in the mode prescribed by the 10th section of the act of 1801, ch. 74.

For these reasons, we think the ruling of the court below, with respect to the incompetency of this witness, was correct, and the judgment is affirmed.

JUDGMENT AFFIRMED.