ELI WADE *vs.* SAMUEL LYNCH, USE OF GEORGE W. GROVE.

EVIDENCE: WITNESS, COMPETENCY OF: RELEASE.—The plaintiff on the record is incompetent to testify for his *cestui que use.* Nor will his competency be restored by a release to his *cestui que use,* divesting himself of all interest in the cause.

APPEAL from the Circuit Court for Washington County :

Action of *assumpsit* brought by the appellee, Lynch, against the appellant, on the 14th of February 1859. The: facts of this case are stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL,. GOLDSBOROUGH and COCHRAN, J.

*R. H. Alvey,* for the appellant :

That the witness was incompetent, and the objection to· his examination well taken, is supposed to be a settled question in this State.

As the legal plaintiff on the record he was liable for costs, and especially for such as accrued after his application; and his release to the *cestui que use,* the insolvent trustee, of all interest in the residue of his property, after payment of debts, did not affect such liability.

The liability of the *cestui que use,* under the Act of 1801, ch. 74, is simply cumulative to that of the legal plaintiff; and when judgment is rendered for the defendant, the costs are always adjudged against the legal plaintiff on the record, and the party can then have recourse against either the legal plaintiff or the *cestui que use.* Such is the proposition as expressly decided in the case of *Selby vs. Clayton,* 7 *Gill,* 240. See, also, *Owing, use of Green, vs. Emory. & Gault,* 7 *Gill,* 406, 416. *Bridges vs. Armour,* 5 *How.,* 95.

*Wm. T. Hamilton,* for the appellee :—The objection to the competency of the witness Lynch was solely on the ground of interest. The rigid rules of exclusion for incompetency, as· known in the old practice, have been very much relaxed every--

whereby the Courts, and in many parts of the country entirely subverted by legislation. The prevailing policy now is, to refuse, as far as possible, if not entirely remove, all objections to the competency of a witness for interest, and to let him stand alone upon his credit. This policy is regarded by our own Courts. *Reynolds, Admr., vs. Manning, et al.,* 15 Md. Rep., 510, and *Pegg vs. Warford, et al.,* 7 Md. Rep., 582.

The objections that may be interposed to the competency of the witness are: 1st. His interest in the claim in suit: 2d. His being a party to the record: 3rd. Or his being a party to the record and liable for costs.

As to the first objection there can be no difficulty. He has no interest in the object of the suit. His interest in the claim, or the object of the suit, is extinguished by his release to Grove. The rule is so well established in this State, that a release or assignment of interest in a suit removes the objection to the competency of a witness, upon the ground of such interest, that comment is not required.

As to the second objection, his being a party to the record, does not of itself make him incompetent. *Barker vs. Ayers, et al.,* 5 Md. Rep., 202.

As to the third objection, "his being a party to the record and therefore liable for costs." To this, no doubt, the attention of the Court will be particularly directed. Upon this point there are several decisions in this Court, to which we respectfully refer the Court. *Lizardo, et al., vs. Cohen,* 3 Gill, 431, and *Barker vs. Ayres,* above referred to.

For the purpose of showing that the witness had no interest in the result of the suit, either as to the claim or in the costs, his release to Grove, and his application and final discharge under the insolvent law, were offered in evidence. His release was an extinguishment of all interest in the claim, and that in the costs remains alone for consideration.

Has the witness an interest in the costs? By the Act of 1854, ch. 193, for the benefit of which the witness applied,

the property, rights and claims of the applicant vest in the trustee. This suit was brought by the witness before, and was pending when he made application. Upon his application and the qualification of the trustee, it at once vested in the trustee. As a right vested in the trustee, all control over it by the witness ceased. He could not settle it or dismiss it. He could do nothing afterward to impair existing rights at the time of his application. His power to dismiss this suit, and the exercise of it, would have secured to the defendant a valuable legal right by the interposition of a flat bar, the statute of limitation, to any further suit that the trustee might institute upon the claim. By his final discharge the witness was released from all liability for costs incurred in the suit prior to his application. Upon that his power and right at once ceased, and immediately vested, by operation of law, in the trustee; who became the only real party plaintiff to the record. Being released from all debts and obligations at the time of his application, and necessarily from the costs incurred up to that time, can it be that from that time on, without any power to interfere at all to stay proceedings and save costs, that the trustee can continue to prosecute the writ, and that the insolvent is to be liable for the costs. That the trustee can prosecute the suit, there is no doubt, and it is his duty, if it be a proper one, but at whose costs, the insolvent's or the trustee's? The recovery is for the benefit of creditors, and the trustee is required to discharge his duty toward them in good faith; but can it be that the trustee is to prosecute actions, pending at the time of the application, and the insolvent liable for all the costs of suit? This might bring upon him renewed insolvency. The design of the law was to discharge him from all obligations, and vest all his property and rights in the trustee for the benefit of creditors. I hold, that by the operation of law, in the further prosecution of all suits pending at the time of the application, the trustee became the real party to the record, and that the insolvent ceases to be a real, operating, responsible party.

Under the ruling of the Court in the case of *Foley & Woodside vs. Mason,* 6 *Md. Rep.,* 37, it is contended that the application and final discharge of the witness, as applied to the facts in the cause, in conjunction with the release of the witness to the trustee, Grove, exonerates him from all liability for costs, and divests him of all interest in the suit. As it is decided that he may be a witness if properly divested of his interest, what more can be done in order to secure his testimony for the trustee than what was done?

Goldsborough, J., delivered the opinion of this Court:

The appellee, Lynch, instituted this suit on the 14th day of February 1859, in the Circuit Court for Washington County, against the appellant, upon a contract for the sale of a canal boat.

On the 26th day of September following, Lynch made application for the benefit of the insolvent laws. George W. Grove, the appellee, was appointed Lynch's trustee, and qualified as such. On the 4th day of December 1860, Lynch obtained his final discharge. At March term 1860, this suit was entered for the use of Grove, the trustee. On the 14th of December 1860, the case was tried, when Grove the *cestui que use,* offered Lynch as a witness to prove the cause of action. Besides offering Lynch's insolvent papers, Grove offered in evidence a release executed by Lynch to him, and accepted by him. By this release Lynch divested himself of all interest in the cause.

Objection was made by the appellant to the competency of Lynch to testify, he being a party plaintiff on the record. The Court overruled the objection, and this decision constitutes the only question for us to determine. We think the objection was well taken. Whatever might have been the effect of the release to Grove as between him and Lynch, it could not affect the rights of the appellant; he was no party to it, and should not be concluded by it.

The case of *Selby & others, vs. Clayton,* 7 *Gill,* 240, pre-

68     v 21

sents in all its material aspects so close an analogy to the case before us, that we see nothing to justify us in modifying the force of that decision.    This is in fact a stronger case than that, there Selby was a joint plaintiff with Errickson, who was equally interested in the object of the suit, and equally bound for costs in the event of a judgment for the defendant.

We shall therefore, in disposing of this case, adhere to the rule which declares the plaintiff on the record incompetent to testify for · his *cestui que use*, especially as we are sustained by the above decision.

See, also, the other authorities cited by the appellant.

*Judgment reversed, and procedendo awarded.*

(Decided June 1st, 1864.)